09-3439-cr
United States v. Garcia-Luna

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT: GUIDO CALABRESI,
ROBERT D. SACK,
GERARD E. LYNCH,
*Circuit Judges.*

---------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee,*

v.                                                                       No. 09-3439-cr

VICTOR MANUEL GARCIA-LUNA,
also known as VICTOR MANUEL JOYARIN,
also known as VICTOR GARCIA,
also known as JOSE R. MALDONADO,
also known as VICTOR MANUEL JOYARIM,
*Defendant-Appellant.*

---------------------------------------------------------------------

APPEARING FOR APPELLANT:     Mitchell A. Golub, Golub & Golub, LLP, New York, New York, on submission.

APPEARING FOR APPELLEE:      Alexander A. Solomon, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, New York, on submission.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, Judge).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Victor Garcia-Luna appeals from a sentence of 70 months in prison and three years of supervised release imposed for a conviction, following a guilty plea, of illegal reentry into the United States after deportation in violation of 8 U.S.C. § 1326(a). We assume the parties' familiarity with the relevant facts and procedural history of this case, and the issues presented on this appeal.

We review sentences under a "deferential abuse-of-discretion standard." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), quoting Gall v. United States, 552 U.S. 38, 40 (2007). In coming to a procedurally reasonable sentence, a district court must consider the factors listed in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines range, and "conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense," in order to reach "an informed and individualized judgment . . . as to what is 'sufficient, but not greater than necessary' to fulfill the purposes of sentencing." Id., quoting 18 U.S.C. § 3553(a).

Garcia-Luna argues that his sentence was procedurally unreasonable, because the district court failed to give adequate consideration to the 18 U.S.C. § 3553(a) factors. In particular, he argues that the district court failed to take adequately into account the circumstances surrounding his re-entry into the United States. Garcia-Luna claims that

2

following his deportation to Colombia, he contacted agents he knew at the Drug Enforcement Agency ("DEA"), and told them about a narcotics trafficking ring he had learned of while in prison. According to Garcia-Luna, DEA agents instructed him to travel to Mexico, where they secreted him in a hidden compartment in a vehicle into the United States so that he could connect the traffickers with the DEA agents. After making this connection, he claims that he left California with the tacit permission of the agents to return to New York, where he was eventually arrested for driving under the influence of alcohol, and subsequently charged with illegal reentry.

The district court clearly considered Garcia-Luna's story regarding the circumstances surrounding his illegal reentry into the country. It simply did not believe him. The district court found that the story was not credible, because it was not corroborated by any government sources and because of Garcia-Luna's history of deceit and the use of false names to authorities. The district court's decision not to credit Garcia-Luna's story regarding his reentry was completely reasonable given the lack of corroboration and the legitimate questions about Garcia-Luna's credibility. His sentence was therefore not procedurally unreasonable on this ground.

Nor was it otherwise unreasonable. The district court explicitly stated that it had considered the § 3553(a) factors, and noted that the sentence should afford adequate deterrence before sentencing Garcia-Luna to the bottom of the unchallenged guidelines range of 70 to 87 months imprisonment. Given Garcia-Luna's history of narcotics dealing and parole violations, this sentence was well within the limits of the district

3

court's discretion.  See id.  ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotations marks omitted)).

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4